# EXHIBIT G



United Mexican States
Mexico City
Embassy of the United
States of America

## CAUSE NO. 2:20-cv-06393-RBS

| | | |
|---|---|---|
| MARTHA JULIA HIDALGO VILLAFANE, Individually, as Executor and as Personal Representative of the Estate of Martha Erika Alonso Hidalgo. | ) ) ) ) ) | |
| MA. GUADALUPE NANCY CANALES ELIZALDE, Individually, as Executor and as Personal Representative of the Estate of Marco Antonio Tavera Romero. | ) ) ) ) ) ) | IN THE DISTRICT COURT FOR |
| LOURDES FRANCISCA MENDOZA HERNANDEZ, Individually, as Executor and as Personal Representative of the Estate of Hector Baltazar Mendoza. | ) ) ) ) | THE EASTERN DISTRICT OF PENNSYLVANIA |
| v. | ) ) | |
| AGUSTA WESTLAND PHILADELPHIA CORPORATION | ) ) ) | |
| and | ) ) | |
| LEONARDO S.p.A. | ) | |

## <u>AFFIDAVIT OF JAVIER ALEGRE RABIELA</u>

BEFORE ME, the undersigned authority, on this day personally appeared Javier Alegre Rabiela, known to me to be the person whose name is subscribed below, and after being duly sworn by me on his oath stated as follows:

1.- My name is Javier Alegre Rabiela, I am over the age of 21, have never been convicted of a crime, and I am capable of making this Affidavit. I am fully competent to testify to matters stated herein and I have personal knowledge of each of the matters stated herein, I obtained my law degree at the Universidad Anahuac in Mexico City in September 22, 1988 and have attended post-graduate studies in foreign trade and at the International Air Transport Association (IATA). During my career I have rendered professional services to numerous entities related with the aviation industry, commercial law and have published articles on Mexican air transportation.

2.- This Affidavit is prepared taking into consideration certain provisions of the damages laws, upon discussion of Mexican law in such regard.

## QUESTIONS PRESENTED

3.- I have been asked to review and opine on the following questions under the United Mexican States Law:

a) Are damages recoverable for wrongful death and / or for survival.

b) Are damages recoverable for pain, suffering and mental anguish and if so, are there any limitations for same.

c) What evidence must be produced to show that a decedent was conscious at the time of impact.

d) Are damages recoverable for the fear that a decedent experienced prior to death [as aircraft/helicopter was descending]. How is the evidence for same produced.

e) Is evidence admissible from survivors as to what was observed during the accident sequence.

f) Please provide an overview as to pecuniary damages in the form of: past and future medical expenses; loss of earnings; diminishment in earning capacity secondary to injuries; past and future pain and suffering; loss of tutelage and guidance due to death of a parent; other.

g) Does Mexico recognize "products liability" as set forth in Section 402A of the Restatement of Torts.

## MATERIALS REVIEWED

4.- In formulating the opinions below, I have examined:

a) The Civil Action filed in the District Court for the Eastern District of Pennsylvania;

b) The Civil Aviation Federal Agency (AFAC) aircraft accident report publicly available;

c) The Civil Aviation Law;

d)  The Federal Civil Code;

e)  The Federal Consumer Protection Law; and

f)  The Federal Labor Law.

5.- The Civil Aviation Law, the Federal Civil Code, the Federal Consumer Protection Law and the Federal Labor Law referred above, whenever applicable, shall be referred to individually by their own defined name or when referenced together shall be hereinafter referred to as "the Laws".

6.- In my examination of the documents described in paragraph 4 a) and 4 b), I have assumed the authenticity of such documents and the conformity of the originals submitted to me as a copy.

7.- Based upon my examination of the Laws, as I deemed necessary and as were available to me, I provide the following opinions concerning the United Mexican States Law.

**OPINIONS**

**I.- AVIATION ACCIDENTS**

8.- The exploitation or use of the air space over the Mexican territory is governed by the Civil Aviation Law, published in Mexican Official Gazette of May 12, 1995. Civil Aviation Law applies to all matters related to aviation issues, including the liability that may arise as a consequence of an accident of an aircraft.

9.- As prescribed by the third paragraph of Article 3 of the Civil Aviation Law, those acts occurred and conducted on board of a civil aircraft with Mexican registration marks shall be subject to the laws and authorities of Mexico: likewise, those acts occurred or conducted on board of a foreign civil aircraft, during its flight over national territory, shall be regulated by the laws and authorities of the State of registration of the aircraft.

10.- Considering that the Agusta A109S aircraft, with manufacturer's serial number 22174 (hereinafter referred to as the "Aircraft"), had Mexican registration marks XA-BON, pursuant to Article 3 of the Civil Aviation Law, the Mexican Authorities and the Mexican law applies in the case under analysis.

**II.- CIVIL LIABLITY**

11.- Civil liability issues are regulated by the Civil Code Legislation. Each State within the United Mexican States has its own Civil Code, which is applicable to acts or conducts that take place or has effects within its territory. In addition, we have a Federal Civil Code which applies to Federal Civil issues.

12.- Notwithstanding that the accident of the Aircraft occurred within the State of Puebla, the Civil Aviation Law applies and the Federal Civil Code shall apply when expressly prescribed by the Civil Aviation Law, and regarding those issues not specifically contemplated by the Civil Aviation Law.

13.- The Federal Civil Code contemplates a statute of limitation of 2 years as provided in article 1934 thereto.

14.- The United Mexican States Federal courts and State courts exercise jurisdiction with respect to civil aviation cases and / or personal injury legal procedures seeking economical compensation or indemnification.

15.- Civil aviation matters are of a federal nature and are governed by the "Civil Aviation Law".

16.- With respect to the application of the United Mexican States law, or foreign law, by a competent Mexican court, article 12 of the Federal Civil Code considers the following provisions:

    a) "Article 12. Mexican laws apply to all persons within the Republic, as well as to acts and events which have occurred within its territory or under its jurisdiction, including those persons who submit themselves thereto, unless the law provides for the application of a foreign law, or it is otherwise provided by treaties or conventions to which Mexico is a signatory party."

    b) Based on article 12 of the Federal Civil Code, a Mexican court would apply Mexican law since the Aircraft accident occurred within the territory of the United Mexican States.

17.- The substantive United Mexican States law that would govern the potential Aircraft accident legal procedure would include the Civil Aviation Law, which regulates any and all aspects of civil aviation activities in the United Mexican States, including civil liability for damages.

## III.- PRODUCTS LIABILITY

18.- Products liability in the United Mexican States is regulated by the Federal Consumer Protection Law, which is federal in nature. Consequently, those matters,

which are not specifically regulated by the Federal Consumer Protection Law are to be regulated by the Federal Civil Code.

19.- When goods sold to a consumer are not suitable for the purpose they are normally used, due to an apparent or hidden defect in such goods, in this respect, Article 82 of the Federal Consumer Protection Law states as follows:

> "Article 82.- The consumer may elect to request the restitution of the goods or service, the rescission of the contract or the reduction of the price, and in any event, the reimbursement or the compensation, when the thing or subject matter of the contract has defects or hidden defects that make it not suitable for the uses to which normally it shall be destined, or that its quality or possibility for its use is diminished, or does not offer the security expected due to its nature for a reasonable use. When the consumer elects the rescission, the supplier has the obligation to return the price paid and, in its case, the corresponding interests in accordance with the second paragraph of article 91 of this law".

20.- Consequently, if there were apparent or hidden defects in an aircraft, and such hidden and/or apparent defects were the direct and immediate cause of an accident, then the manufacturer of the vehicle would be responsible for the damages caused to the victims or their heirs.

## IV.- RECOVERABLE DAMAGES IN THE EVENT OF DEATH

### MATERIAL DAMAGES

21.- Pursuant to Article 1915 of the Federal Civil Code, the damage repair shall consist in the re-statement of the situation prior to such damage, and when that consists in the payment of damages, pursuant to the following rules:

22.- When the damage is caused to the individuals and produces the death or the total or partial disability, temporary or permanent, the amount of the indemnity shall be fixed applying the tariffs established in the Federal Labor Law. The Unit of Measurement and Update will be the basis to compute the corresponding indemnity.

23.- Pursuant to Articles 500 and 502 of the Federal Labor Law the indemnity payment to be made in the event of death of the victim shall be equivalent to two months of salary for funeral expenses and the payment of an amount equivalent to 5000 days of salary.

24.- In accordance to Article 62 of the Civil Aviation Law the right to recover damages is subject to that prescribed by Article 1915 of the Federal Civil Code, with the only

exception that the recoverable amount shall be three times the amount provided in such Article.

25.- Consequently, pursuant to the above, the recoverable material damages, under Article 1915 of the Federal Civil Code would be the amount equivalent to the Unit of Measurement and Update in force at the time of the death (in the year 2018 the highest minimum daily wage was $88.36 and the Unit of Measurement and Update was $80.60 Mexican currency), multiplied by 5060 (5000 plus 60 days for funeral expenses) resulting in the amount of $407,836.00 Mexican currency (equivalent to $19,944.00 US Dollars), at the rate of exchange of $20.45 Mexican currency per US dollar.

26.- When the Civil Aviation Law applies to the recoverable damages, the amount resulting from the numerical operations described in the previous paragraph $407,836.00), are multiplied by three times (Article 62 of the Civil Aviation Law), resulting in the amount of $1,223,508.00 Mexican currency, equivalent to $59,829.24 US Dollars, at the rate of exchange of $20.45 Mexican currency per US Dollar.

If the salary of the employee exceeds the double of the minimum salary, there is a maximum limit of twice the minimum salary or Unit of Measure and Upgrade for the calculation and payment of indemnities, as provided in Article 486 of the Federal Labor Law.

## MORAL DAMAGES

27.- It is important to note that Article 62 of the Civil Aviation Law only prescribes that the damages to passengers would be subject to the indemnities established by Article 1915 of the Federal Civil Code. Such legal provision only prescribes the recovery for material damages.

Nevertheless, there is a possibility that a Mexican Court would analyze and grant moral damages to the Plaintiff, if the Court finds that a moral damage has been, caused to such Plaintiff.

28.- Pursuant to Article 1916 of the Federal Civil Code, a moral damage consists in affection suffered by a person in his/her feelings, likings, religious beliefs, decorum, honor, reputation private life, configuration and physical aspect or the consideration that third parties may have of him/her.

29.- In accordance with Articles 1916 and 1916 BIS of the Federal Civil Code, the indemnity for moral damage must be established in an amount of money determined by the judicial authority taking into account the following:

a).- The affected rights of the victim.

The Plaintiff must prove that he actually suffered in his feelings, likings, religious beliefs, decorum, honor, reputation, private life, configuration and physical aspects or else the considerations that third parties may have of him. It is not enough, pursuant to Mexican Law, a general statement indicating that a damage has been caused, but instead, the Plaintiff must demonstrate the Court the alleged actual damage.

b).- The degree of the responsibility.

Pursuant to this principle, the Court shall determine in any event the existence of an illicit conduct, and in its case, the extent or degree of same. An illicit act or conduct, is defined by Article 1830 of the Federal Civil Code as that which is contrary to the laws of public order or against customary good behavior.

It should be noted that pursuant to Article 1916 BIS of the Federal Civil Code, in any and all events, whoever claims recovery for moral damages, must fully prove the illicit conduct of the defendant and the direct damage caused by such conduct.

c).- The economic situation of the liable party and that of the victim.

The Plaintiff must submit documents to the Court that shall evidence his annual income so that the Court, based on such documents, can justly determine a fair indemnity with respect to the moral damage, in case that it finds that such damage existed.

d).- The other circumstances of the case.

The Court can only take into account those damages that are a direct consequence of the illicit conduct.

30.- Moral damages are only recoverable if a claim was commenced by the victim before death, pursuant to the third paragraph of Article 1916 of the Federal Civil Code. Therefore, no moral damages should be awarded in the three death cases here since the victims died at the scene of the accident.

31.- In congruence with the above paragraph, moral damages are not recoverable by the beneficiaries or heirs of the deceased victim.

32.- Moral damages are not punitive in nature. Article 1916 and 1916 BIS of the Federal Civil Code reflect the considerations for moral damages, as set forth in paragraph 31 above.

33.- Moral damages are to be determined by the judge and not through a jury, as provided in the fourth paragraph of Article 1916 of the Federal Civil Code.

34.- The range of moral damages that could be awarded by a court depends on the submission of sufficient evidence to support the elements set forth in Articles 1916 and 1916 BIS of the Federal Civil Code.

## PHYSICAL INJURY DAMAGES

35.- In the event that the victim suffers physical injury, article 487 of the Federal Labor Law provides that the victim is entitled to (i) Medical and surgical care; (ii) Rehabilitation; (iii) Hospitalization, if required; (iv) Medication and healing treatments; (v) Necessary prostheses and orthopedic equipment; and (vi) The indemnification provided for in the Federal Labor Law.

36.- Under Article 495 of the Federal Labor Law and Federal Civil Code, the maximum recovery by any injured person is 1,095 days' worth of wages, regardless of the level of disability and/or if they are permanently incapacitated.

37.- In addition to recovery based on their level of disability, any and all employees of an individual, an entity, or a corporation who suffer a work-related risk/injury have the right to any related expenses set forth in article 487 of the Federal Labor Law and described in paragraph 35 above.

38.- The corresponding amounts or expenses related to the work-related risks may be covered:

(i) By the employer who absorbs the corresponding costs and expenses due to the labor law and to the fringe benefits, in addition to regular salaries or wages;

(ii) Through insurance coverage that has been contracted for by the employer or by the individual or employee that suffered the work-related risk;

(iii) By the employee (plaintiff) with their own financial resources;

(iv) By the Mexican Institute of Social Security, as per the fringe benefits granted to an employee under a Collective Bargain Agreement or under an Individual Employment Agreement; or

(v) By any third party.

39.- Any recovery under the Federal Labor Law should be multiplied by 3 as provided in article 62 of the Civil Aviation Law.

40.- In accordance with the Federal Labor Law, if a person's permanent partial disability prevents a plaintiff from continuing performing his or her job, the company

must offer the employee other duties that enable such individual to generate a similar income.

## MATERIAL DAMAGES FOR BODILY HARM

41.- In the event of total permanent incapacity, i.e., an injury of such degree that the victim will never be able to return to work, Article 495 of the Federal Labor Law provides that the victim is entitled 1,095 days' worth of wages.

42.- If the injury results in the victim's partial permanent incapacity, i.e., an injury from which the victim will not recover and partially impairs his/her ability to work, articles 492 and 493 of the Federal Labor Law control the calculation of damages. Article 492 of the Federal Labor Law provides for a proportional indemnification depending on the nature and extent of the injury.  Article 493 of the Federal Labor Law provides that if the permanent partial incapacity is of such nature that the victim is absolutely unable to return to work in his previous profession, the victim shall be entitled to compensation for a total permanent incapacity.

43.- Article 491 of the Federal Labor Law governs total and partial temporary incapacities, i.e., circumstances where the victim is unable to work altogether, or is impaired to a limited extent, for a limited period of time.

44.- Pursuant to article 494 of the Federal Labor Law, the maximum amount of damages allowable under Mexican law are those for a total permanent incapacity. Under Mexican federal law, the maximum amount of damages to be paid are those set forth in Article 495 of the Federal Labor Law, i.e., 1095 minimum wage days.

## NO OTHER RECOVERABLE DAMAGES.

45.- The Federal Civil Code, the Civil Aviation Law and the Federal Labor Law establish the recoverable damages in favor of the victims, in the terms above prescribed.

46.- Mexican law will not recognize other damages in addition to material and moral damages, and consequently, it does not recognize punitive damages or damages for pain and suffering or similar concepts, and consequently, those items are not recoverable damages under Mexican Law.

47.- No opinion as to any specific matter is intended to limit any more general opinion above as to the same matters.

48.- The opinions set forth above are limited to the provisions of the United Mexican States Law and I express no opinion as to the effect of the laws of any other country.



49.- Attached to my Affidavit are the law and code provisions referenced by me above, along with fair, accurate and complete English translations of each provision.

50.- Based on the above opinions and considerations on aviation accidents,  in my perspective the United Mexican States Courts would be an adequate forum and jurisdiction for the claim contained in the Civil Action filed in the District Court for the Eastern District of Pennsylvania, due to the citizenship of the plaintiffs, to the fact that the subject crash of the Mexican Registration Aircraft occurred or verified in the United Mexican States and since an accident report has been released by the United Mexican States Aviation Authority, the AFAC.

51.- I have read the preceding Affidavit and I certify and swear that every statement is made upon my personal knowledge and is true and correct.

Further Affiant sayeth not.

Dated this March 18 , 2021.

Javier Alegre Rabiela

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this March 18 2021, to certify which witness my hand and official seal.

Notary Public

PRESIDENTIAL COMMISSIONS ARE PERMANENT

Benjamin Wheeler
Vice Consul
Mexico City
Mexico

## I.- CIVIL AVIATION LAW

**ARTÍCULO 3.** La explotación, uso o aprovechamiento del espacio aéreo situado sobre el territorio nacional, es de jurisdicción federal.

Corresponderá a los tribunales federales conocer de las controversias que se susciten con motivo de la aplicación de esta Ley, sin perjuicio de que las controversias que surjan entre particulares se sometan a arbitraje, de conformidad con las disposiciones aplicables.

Los hechos ocurridos y los actos realizados a bordo de una aeronave civil con matrícula mexicana, se sujetarán a las leyes y autoridades mexicanas; y los que ocurran o se realicen a bordo de una aeronave civil extranjera durante el vuelo de la misma sobre territorio nacional, se regirán por las leyes y autoridades del Estado de matrícula de la aeronave, sin perjuicio de lo establecido en los tratados. En el caso de comisión de delitos en aeronaves, se estará a lo dispuesto por el Código Penal Federal.

Son aplicables a la navegación aérea civil las disposiciones que, sobre nacimientos y defunciones a bordo de un buque con bandera mexicana, establece el Código Civil Federal.

*ARTICLE 3. The exploitation or use of the air space over Mexican territory, is of federal jurisdiction.*

*It corresponds to federal courts to know of the controversies that are generated as a consequence of the application of this Law, without prejudice that the controversies that arise between persons are ventilated in an arbitration process, in accordance with the applicable dispositions.*

*Those acts occurred and conducted on board of a civil aircraft with Mexican registration, shall be subject to the laws and authorities of Mexico; likewise, those acts occurred or conducted on board of a foreign civil aircraft, during its flight over national territory, shall be regulated by the laws and authorities of the State of registration of the aircraft, without prejudice of the provisions contained in international treaties. In the case of an occurrence of a crime on an aircraft, the Federal Penal Code shall apply.*

*The provisions of the Federal Civil Code, are applicable for the civil air navigation, with respect to births and deceases on board of a vessel with Mexican flag.*

**ARTÍCULO 61.** Los concesionarios o permisionarios de los servicios de transporte aéreo nacional, serán responsables por los daños causados a los pasajeros, a la carga y al equipaje en el transporte.

En el caso de pasajeros, se entenderá que los daños se causaron en el transporte, si ocurren desde el momento en que el pasajero aborda la aeronave hasta que ha descendido de la misma.

El concesionario o permisionario será responsable del equipaje facturado desde el momento en que expida el talón correspondiente hasta que entregue el equipaje al pasajero en el punto de destino.

En el caso de carga, el concesionario o permisionario será responsable desde el momento en que reciba la carga bajo su custodia hasta que la entregue al consignatario respectivo. La responsabilidad del concesionario o permisionario se interrumpirá cuando la carga le sea retirada por orden de autoridad competente.

*ARTICLE 61. The concessionaries or licensees of national air transportation services, will be liable for all damages caused to passengers, cargo and luggage during the transportation of the same.*

*In case of passengers, it shall be understood that the damages were caused during transportation. If they occur at any time from the moment in which the passengers boards the aircraft until the moment of decent of the same.*

*The concessionaire or licensee shall be responsible for damages caused to the luggage or cargo from the issuance of the corresponding receipt until the moment of delivery of such luggage or cargo to the passenger at the point of destiny.*

*In the case of damages caused to airfreight, the concessionaire or licensee shall be responsible from the moment of reception of the cargo under its custody, until the moment of delivery of the same to the corresponding consignee. The liability of the concessionaire or licensee shall be interrupted in case of seizure by a competent authority.*

**ARTÍCULO 62.** Para los daños a pasajeros, el derecho a percibir indemnizaciones se sujetará a lo dispuesto por el artículo 1915 del Código Civil Federal, salvo por lo que se refiere al monto que será el triple de lo previsto en dicho artículo. Para la prelación en el pago de las indemnizaciones, se estará a lo dispuesto en el artículo 501 de la Ley Federal del Trabajo.

La indemnización por la destrucción o avería del equipaje de mano será de hasta ochenta Unidades de Medida y Actualización. Por la pérdida o avería de equipaje facturado la indemnización será equivalente a la suma de ciento cincuenta Unidades de Medida y Actualización.

*ARTICLE 62. In case of damages caused to passengers, the right to be indemnified shall be subject to the provision set forth in article 1915 of the Federal Civil Code, except for the amount to be indemnified, which shall be three times the amount*

*provided therein. Preferences for the payment to be indemnified shall be determined in accordance to article 501 of the Federal Labor Law.*

*The indemnity for the destruction of or damage of hand baggage will be up to eighty Measure Units and Upgrade. For the loss or damage of documented baggage the indemnity will be equivalent to the amount of one hundred and fifty Measure Units and Upgrade.*

## II.- FEDERAL CIVIL CODE

**ARTÍCULO 12.** Las leyes mexicanas rigen a todas las personas que se encuentren en la República, así como los actos y hechos ocurridos en su territorio o jurisdicción y aquellos que se sometan a dichas leyes, salvo cuando estas prevean la aplicación de un derecho extranjero y salvo, además, lo previsto en los tratados y convenciones de que México sea parte.

*ARTICLE 12. Mexican laws apply to all persons within the Republic, as well as to acts and events which take place within its territory or under its jurisdiction, including those persons who submit themselves thereto, unless the law provides for the application of a foreign law, or it is otherwise provided by treaties or conventions to which Mexico is a signatory party.*

**ARTÍCULO 1830.** Es ilícito el hecho que es contrario a las leyes de orden público o a las buenas costumbres.

*ARTICLE 1830. An act is illicit when is contrary to the laws of public order or against customary good behavior.*

**ARTÍCULO 1915.** La reparación del daño debe consistir a elección del ofendido en el restablecimiento de la situación anterior, cuando ello sea posible, o en el pago de daños y perjuicios.

Cuando el daño se cause a las personas y produzca la muerte, incapacidad total permanente, parcial permanente, total temporal o parcial temporal, el grado de la reparación se determinará atendiendo a lo dispuesto por la Ley Federal del Trabajo. Para calcular la indemnización que corresponda se tomara como base la Unidad de Medida y Actualización y se extenderá al número de unidades que para cada una de las incapacidades mencionadas señala la Ley Federal del Trabajo. En caso de muerte la indemnización corresponderá a los herederos de la víctima.

Los créditos por indemnización cuando la victima fuere un asalariado son intransferibles y se cubrirán preferentemente en una sola exhibición, salvo convenio entre las partes.

Las anteriores disposiciones se observarán en el caso del artículo 2647 de este código.

**ARTICLE 1915.** *The repair of the damage shall consist, to the choice of the victim, in the restoration of the status previously existing, whenever this is possible, or in the payment of damages and losses.*

*When the damages is caused to persons and produce death, total permanent disability, partial permanent disability, total temporary disability or partial temporary disability, the amount of the indemnity shall be in accordance with the provision set forth in the Federal Labor Law. To determine the corresponding indemnity, it shall be considered as a basic the Unit of Measure and Updating and it will be extended to the number of units established by Federal Labor Law for each of the indemnities mentioned on the Federal Labor Law. In the case of death the indemnity shall be in favor of the heirs of the victim.*

*The credits for indemnity whenever the victim is a wage earner are not transferable, and shall be paid preferentially in one single payment, unless the parties agree otherwise.*

*The foregoing provisions shall be observed in the case of article 2647 of the Code.*

**ARTÍCULO 1916.** Por daño moral se entiende la afectación que una persona sufre en sus sentimientos, afectos, creencias, decoro, honor, reputación, vida privada, configuración y aspecto físicos, o bien en la consideración que de si misma tienen los demás. Se presumirá que hubo daño moral cuando se vulnere o menoscabe ilegítimamente la libertad o la integridad física o psíquica de las personas.

Cuando un hecho u omisión ilícitos produzcan un daño moral, el responsable del mismo tendrá la obligación de repararlo mediante una indemnización en dinero, con independencia de que se haya causado daño material, tanto en responsabilidad contractual como extracontractual. Igual obligación de reparar el daño moral tendrá quien incurra en responsabilidad objetiva conforme a los artículo 1913, así como el Estado y sus servidores públicos, conforme a los artículos 1927 y 1928, todos ellos del presente Código.

La acción de reparación no es transmisible a terceros por acto entre vivos y solo pasa a los herederos de la víctima cuando esta haya intentado la acción en vida.

El monto de la indemnización lo determinara el juez tomando en cuenta los derechos lesionados, el grado de responsabilidad, la situación económica del responsable, y la de la víctima, así como las demás circunstancias del caso.

Cuando el daño moral haya afectado a la víctima en su decoro, honor, reputación o consideración, el juez ordenara, a petición de esta y con cargo al responsable, la publicación de un extracto de la sentencia que refleje adecuadamente la naturaleza y alcance de la misma, a tráves de los medios informativos que considere

convenientes. En los casos en que el daño derive de un acto que haya tenido difusión en los medios informativos, el juez ordenara que los mismos den publicidad al extracto de la sentencia, con la misma relevancia que hubiere tenido la difusión original.

Estarán sujetos a la reparación del daño moral de acuerdo a lo establecido por este ordenamiento y, por lo tanto, las conductas descritas se considerarán como hechos ilícitos:

I. El que comunique a una o más personas la imputación que se hace a otra persona física o moral, de un hecho cierto o falso, determinado o indeterminado, que pueda causarle deshonra, descrédito, perjuicio, o exponerlo al desprecio de alguien;

II. El que impute a otro un hecho determinado y calificado como delito por la ley, si este hecho es falso, o es inocente la persona a quien se imputa;

III. El que presente denuncias o querellas calumniosas, entendiéndose por tales aquellas en que su autor imputa un delito a persona determinada, sabiendo que ésta es inocente o que aquél no se ha cometido, y

IV. Al que ofenda el honor, ataque la vida privada o la imagen propia de una persona.

La reparación del daño moral con relación al párrafo e incisos anteriores deberá contener la obligación de la rectificación o respuesta de la información difundida en el mismo medio donde fue publicada y con el mismo espacio y la misma circulación o audiencia a que fue dirigida la información original, esto sin menoscabo de lo establecido en el párrafo quinto del presente artículo.

La reproducción fiel de información no da lugar al daño moral, aun en los casos en que la información reproducida no sea correcta y pueda dañar el honor de alguna persona, pues no constituye una responsabilidad para el que difunde dicha información, siempre y cuando se cite la fuente de donde se obtuvo.

**ARTICLE 1916.** *By moral damage it is understood the effects that a person may suffer in his/hers feelings, likings, affections, religious beliefs, decorum, honor, reputation, private life, configuration and physical aspect, or in the consideration that third persons have of him/her.*

*When an illicit act or omission produces a moral damage, the responsible party shall have the obligation to repair same through a money indemnity, independently of the fact that the material damage was caused, both in contractual and non-contractual liabilities. That same obligation to repair the moral damage shall be on the part of he who incurs in strict liability pursuant to article 1913, as well as the State and its officers pursuant to Article 1928, both provisions of the present Code.*

*The indemnity legal action is not transmissible to third parties by acts among living persons and shall only be transmitted to the heirs of the victim, when he has initiated the legal action in time.*

*The amount of the indemnity shall be determined by the Judge, taking into consideration the affected rights, the degree of the responsibility, the economic situation of the liable party and that of the victim, as well as the other circumstances of the Case.*

*When the moral damage has affected the victim in his decorum, honor, reputation or consideration, the Judge shall order, at his request, and at the expense of the liable party the publication of a resume of the judgment that shall adequately reflect the nature and the extent of same, through out the informative media that he considers convenient. In those cases when the damage derives from an act that has been known through the informative media, the Judge shall order the publicity of the resume of the judgment, with the same relevance than given by the original diffusion.*

**ARTÍCULO 1916 Bis.** No estará obligado a la reparación del daño moral quien ejerza sus derechos de opinión, crítica, expresión e información, en los términos y con las limitaciones de los artículos 6o. y 7o. de la Constitución General de la Republica.

En todo caso, quien demande la reparación del daño moral por responsabilidad contractual o extracontractual deberá acreditar plenamente la ilicitud de la conducta del demandado y el daño que directamente le hubiere causado tal conducta.

En ningún caso se considerarán ofensas al honor las opiniones desfavorables de la crítica literaria, artística, histórica, científica o profesional. Tampoco se considerarán ofensivas las opiniones desfavorables realizadas en cumplimiento de un deber o ejerciendo un derecho cuando el modo de proceder o la falta de reserva no tenga un propósito ofensivo.

***ARTICLE 1916 Bis.*** *There shall be no obligation to repair the moral damage the person exercising his rights of opinion, critic, expression and information, pursuant to and with the limitations established by articles 6 and 7 of the General Constitution of the Republic.*

*In every event, whoever claims the repair of a moral damage by virtue of contractual or non-contractual liability, shall fully prove the illicit conduct of the defendant and the direct damage caused by such conduct.*

**ARTÍCULO 1934.** La acción para exigir la reparación de los daños causados, en los términos del presente capítulo, prescribe en dos años, contados a partir del día en que se haya causado el dando.

**ARTICLE 1934.** *A cause of action for damages resulting from any of the acts referred to in this chapter, shall be barred after two years from the date that the damage occurred.*

## III.- FEDERAL LABOR LAW

**ARTÍCULO 487.** Los trabajadores que sufran un riesgo de trabajo tendrán derecho a:

I.- Asistencia médica y quirúrgica;

II.- Rehabilitación;

III.- Hospitalización, cuando el caso lo requiera;

IV.- Medicamentos y material de curación;

V.- Los aparatos de prótesis y ortopedia necesarios; y

VI.- La indemnización fijada en el presente Título.

**ARTICLE 487.** *Employees who suffer a work-related risk shall have the right to:*

*I.- Medical and surgical assistance;*

*II.- Rehabilitation;*

*III.- Hospitalization, when required;*

*IV.- Medications and curative materials;*

*V.- Necessary prosthetic and orthopedic devices; and*

*VI.- The indemnity specified in this Title.*

**ARTÍCULO 490.** En los casos de falta inexcusable del patrón, la indemnización podrá aumentarse hasta en un veinticinco por ciento, a juicio del Tribunal. Hay falta inexcusable del patrón:

I.- Si no cumple las disposiciones legales y reglamentarias y las cantidades en las normas oficiales mexicanas en materia de seguridad, salud y medio ambiente de trabajo;

II.- Si habiéndose realizado accidentes anteriores, no adopta las medidas adecuadas para evitar su repetición;

III.- Si no adopta las medidas preventivas recomendadas por las comisiones creadas por los trabajadores y los patrones, o por las autoridades del Trabajo;

IV.- Si los trabajadores hacen notar al patrón el peligro que corren y éste no adopta las medidas adecuadas para evitarlo; y

V.- Si concurren circunstancias análogas de la misma gravedad a las mencionadas en las fracciones anteriores.

*ARTICLE 490. In cases of an employer's inexcusable fault, the indemnity may be increased by up to 25% by the Court. It is an inexcusable fault if:*

*I.- The employer does not comply with legal and regulatory provisions and with the amounts contained in the Mexican Official Standards regarding security, health and work environment;*

*II.- The employer has had previous accidents and does not adopt adequate measures to prevent their recurring;*

*III.- The employer does not adopt preventive measures that are recommended by commissions created by employers and employees, or by Labor Officials;*

*IV.- The employer does not adopt adequate measures to avert dangers that employees have brought to his attention; and*

*V.- Analogous situations occur that are equally serious as those mentioned in the preceding sections.*

**ARTÍCULO 491.** Si el riesgo produce al trabajador una incapacidad temporal, la indemnización consistirá en el pago íntegro del salario que deje de percibir mientras subsista la imposibilidad de trabajar. Este pago se hará desde el primer día de la incapacidad.

Si a los tres meses de iniciada una incapacidad no está el trabajador en aptitud de volver al trabajo, él mismo o el patrón podrá pedir, en vista de los certificados médicos respectivos, de los dictámenes que se rindan y de las pruebas conducentes, se resuelva si debe seguir sometido al mismo tratamiento médico y gozar de igual indemnización o procede a declarar su incapacidad permanente con la indemnización a que tenga derecho. Estos exámenes podrán repetirse cada tres meses. El trabajador percibirá su salario hasta que se declare su incapacidad permanente y se determine la indemnización a que tenga derecho.

*ARTICLE 491. If the risk results in temporary disability, the worker shall be paid lost wages in full for the period he is unable to work. This payment shall begin from the first day of disability.*

*If, after three months from the date a disability begins, the worker is unable to return to work, the worker or the employer may request a ruling, based on the respective medical certifications, any orders that may have been issued and the relevant evidence, as to whether the worker should continue to receive the same medical treatment and indemnity, or should be declared permanently disabled and receive the compensation to which he is thereby entitled. Such examinations may be repeated every three months. The worker shall receive his wage until a declaration of permanent disability is made and the compensation to which he is entitled is determined.*

**ARTÍCULO 492.** Si el riesgo produce al trabajador una incapacidad permanente parcial, la indemnización consistirá en el pago del tanto por ciento que fija la tabla de valuación de incapacidades, calculado sobre el importe que debería pagarse si la incapacidad hubiese sido permanente total. Se tomará el tanto por ciento que corresponda entre el máximo y el mínimo establecidos, tomando en consideración la edad del trabajador, la importancia de la incapacidad y la mayor o menor aptitud para ejercer actividades remuneradas, semejantes a su profesión u oficio. Se tomará asimismo en consideración si el patrón se ha preocupado por la reeducación profesional del trabajador.

*ARTICLE 492. If the risk results in partial permanent disability, the worker shall be paid the percentage specified in the disability evaluation table of the total that would have to be paid if the disability had been total permanent disability. The appropriate percentage between the maximum and the minimum levels shall be calculated, taking into account the age of the worker, the severity of his disability, and the likelihood that he will be able to undertake compensated work similar in nature to his own occupation or position. Whether the employer has concerned himself with the worker's occupational reeducation shall also be considered.*

**ARTÍCULO 493.** Si la incapacidad parcial consiste en la pérdida absoluta de las facultades o aptitudes del trabajador para desempeñar su profesión, el Tribunal podrá aumentar la indemnización hasta el monto de la que correspondería por incapacidad permanente total, tomando en consideración la importancia de la profesión y la posibilidad de desempeñar una de categoría similar, susceptible de producir ingresos semejantes.

*ARTICLE 493. If the partial disability consists of absolute loss of the worker's faculties or abilities to perform his job, the Court may increase his compensation up to the amount for total permanent disability, considering the importance of the job and whether the worker is able to perform a similar job that is capable of producing similar income.*

**ARTÍCULO 494.** El patrón no estará obligado a pagar una cantidad mayor de la que

corresponda a la incapacidad permanente total, aunque se reúnan más de dos incapacidades.

*ARTICLE 494. The employer will not be obligated a higher amount to the one that corresponds for the total permanent disability, even if more than two disabilities are involved.*

ARTÍCULO 495. Si el riesgo produce al trabajador una incapacidad permanente total, la indemnización consistirá en una cantidad equivalente al importe de mil noventa y cinco días de salario.

*ARTICLE 495. If the risk results in total permanent disability, the compensation shall consist of an amount equivalent to wages for 1,095 days.*

ARTÍCULO 500. Cuando el riesgo traiga como consecuencia la muerte o la desaparición derivada de un acto delincuencial del trabajador, la indemnización comprenderá:

I.- Dos meses de salario por concepto de gastos funerarios; y

II.- El pago de la cantidad que fija el artículo 502.

*Article 500. When the risk brings as a consequence the death or the disappearance originated by a criminal act of the worker, the indemnity must include:*

*I.- Two months of salary for funeral expenses; and*

*II.- The payment of the amount fixed by Article 502.*

ARTÍCULO 502. En caso de muerte o por desaparición derivada de un acto delincuencial del trabajador, la indemnización que corresponda a las personas a que se refiere el artículo anterior será la cantidad equivalente al importe de cinco mil días de salario, sin deducir la indemnización que percibió el trabajador durante el tiempo en que estuvo sometido al régimen de incapacidad temporal.

*ARTICLE 502. In case of death of or disappearance originated by a criminal act of the worker, the indemnity that corresponds to the person referred to in the previous article shall be the amount equivalent to five thousand days of salary, without deducting the indemnity received by the worker during the time he was submitted to the temporary disability program.*

## IV.- FEDERAL CONSUMER PROTECTION LAW

ARTÍCULO 82. El consumidor puede optar por pedir la restitución del bien o servicio, la rescisión del contrato o la reducción del precio, y en cualquier caso, la

bonificación o compensación, cuando la cosa u objeto del contrato tenga defectos o vicios ocultos que la hagan impropia para los usos a que habitualmente se destine, que disminuyan su calidad o la posibilidad de su uso, o no ofrezca la seguridad que dada su naturaleza normalmente se espere de ella y de su uso razonable. Cuando el consumidor opte por la rescisión, el proveedor tiene la obligación de reintegrarle el precio pagado y en su caso, los intereses a que se refiere el segundo párrafo del artículo 91 de esta ley.

La bonificación o compensación a que se refiere el párrafo anterior se determinará conforme a lo dispuesto en el artículo 92 TER de esta ley.

Lo anterior sin perjuicio de la indemnización que en su caso corresponda por daños y perjuicios.


**ARTICLE 82.** *The consumer may elect to request the restitution of the goods or service, the rescission of the contract or the reduction of the price, and in any event, the reimbursement or the compensation, when the thing or subject matter of the contract has defects or hidden defects that make it not suitable for the uses to which normally it shall be destined, or that its quality or possibility for its use is diminished, or does not offer the security expected due to its nature for a reasonable use. When the consumer elects the rescission, the supplier has the obligation to return the price paid and, in its case, the corresponding interests as per the second paragraph of article 91 of this law.*

*The above referenced compensation will be determined in accordance with the provisions contained in article 92 TER of this law.*

*The forgoing without prejudice of the indemnity that in its case corresponds for damages and for loss.*