# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA JULIA HIDALGO VILLAFANE, Individually, As Executor and as Personal Representative of the Estate of Martha Erika Alonso Hidalgo, *et al.*, <br><br>　　　　Plaintiffs, <br>　　v. <br><br>AGUSTA WESTLAND PHILADELPHIA CORPORATION, *et al.*, <br><br>　　　　Defendants. | Civil Action No. 2:20-cv-06393-RBS |

**PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO *FORUM NON CONVENIENS* AND PURSUANT TO FED. R. CIV. P. 12(b)(7) FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES**

Plaintiffs submit the following additional factual matters and controlling authority:

1.　Plaintiffs have settled their claims against non-party Servicios Aèreos del Altiplano, S.A. de C.V. ("SAA"). Attached hereto as Exhibit 1 is a true and correct copies of the release agreement with Plaintiff Ma. Guadalupe Nancy Canales Elizalde concerning the death of her husband Marco Antonio Romero Taveras, together with its certified translation. Settlements and releases were also reached by the other Plaintiffs concerning the deaths of Martha Erika Alonso Hidalgo and Hector Baltazar Mendoza.

2.　Pursuant to the Pennsylvania Fair Share Act, 42 Pa. C.S.A., § 7102(a.2), "[f]or purposes of apportioning liability only, the question of liability of any defendant <u>or other person who has entered into a release with the plaintiff with respect to the action and who is not a party</u> shall be transmitted to the trier of fact upon appropriate requests and proofs by any party." (emphasis added). Therefore, because SAA has settled and entered into a release with Plaintiffs, Defendants can submit SAA's liability to the jury in the present venue and dismissing the case to

1

Mexico provides no additional convenience in this respect.  This fact directly rebuts Defendants' claims of prejudice from the inability to seek apportionment of liability against SAA in section III of their Reply concerning "necessary and indispensable parties" under Rule 19. *See* Reply, Doc. 22, at p. 21.

3. Plaintiffs would also consent, agree and/or stipulate that Defendants can apportion liability to Rotor Flight Services, S.A. de R.L. de C.V. ("RFS"), upon appropriate requests and proofs, if their instant Motion to Dismiss is denied and the case remains in the Eastern District of Pennsylvania.

4. Defendants' extended focus on the AFAC Report in their Reply (which should have been contained in their initial moving papers) only underscores again that the access to sources of proof factor in the *forum non conveniens* analysis weighs in favor of the U.S. as the more convenient forum. *See* Opp., Doc. 18-1, at p. 16-19.  Not only can Defendants pursue their defense by seeking to apportion liability to SAA and RFS in the Eastern District of Pennsylvania for the reasons discussed *supra*, all the facts needed to do so have already been gathered by the Mexican accident investigation (with the help of Defendants' own investigators) and detailed in the AFAC Report.  Defendants tacitly admit that they already have what they need by referring to Mexican discovery as necessary only "in order to <u>further</u> develop those facts."  Reply, Doc. 22, at p. 14 (emphasis added).  Defendants' baseless speculation that the comprehensive AFAC Report, helicopter maintenance records and other Mexican documents offered by Plaintiffs "may not even tell the 'whole story'" offers no explanation or justification for the convenience of Mexico as a forum for this case. *Id.* at p. 16.  With some simple authentication of the sources of proof already in their possession, Defendants are already well placed to pursue their defense in the instant forum.  The sources of proof for Plaintiffs' products liability claims, however, are overwhelming in the

United States and require further discovery such that dismissing this case to Mexico would make accessing these sources of proof costly, burdensome and inconvenient. *See* Opp., Doc. 18-1, at p. 16-22.  Overall, the salient facts about the crash from the AFAC Report are not in dispute – one of the Subject Helicopter's SAS roll actuators was not functioning properly before the crash, and the second SAS roll actuator appears to have failed during the Subject Flight and caused the crash.  Defendants' position will be that the Subject Helicopter was allowed to fly too long by SAA and RFS with only a single SAS roll actuator functioning properly.  Plaintiffs will argue that Defendants nonetheless had a duty to further warn of this dangerous condition and ensure the Subject Helicopter should never be flown in this defective state.  Further, Defendants are liable for the failure of the defective actuator with loose screws that caused the crash.  All of these issues will turn on expert analysis and testimony that can most conveniently be accessed in the United States. *See Lewis v. Lycoming*, 917 F. Supp. 2d 366, 372-73 (E.D. Pa. 2013).

5.   Defendants' Reply repeatedly cites Plaintiffs' separate lawsuits against Honeywell International, Inc., and Precision Aviation Group in North Carolina and Georgia, respectively, for the strange proposition that these claims are somehow more conveniently or appropriately litigated in Mexico. *See, e.g.*, Reply, Doc. 22, at p. 10, n. 5, 19 & 22.  Plaintiffs respectfully submit that Defendants' reasoning is fundamentally flawed and that the existence of these separate suits here in the U.S. only underscores the greater convenience of litigating this case in the United States, particularly in the instant venue where Defendants have conceded personal jurisdiction.  If the Court nonetheless views this case as more appropriately litigated in a different venue, then Plaintiffs would also consent to the transfer and/or FNC dismissal and re-filing of this case in Georgia, or perhaps more appropriately, North Carolina, where it can proceed in conjunction with

the already filed claims against Honeywell, the manufacturer of the failed actuator.[1] *See* 14 U.S.C. § 1404(a).

Dated: June 25, 2021

Respectfully submitted,

**KREINDLER & KREINDLER LLP**

By: /s/ Vincent C. Lesch
Anthony Tarricone (*pro hac vice*)
855 Boylston Street, Suite 1101
Boston, MA 02116
atarricone@kreindler.com

Vincent C. Lesch (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
vlesch@kreindler.com

**KATZMAN, LAMPERT & STOLL**
Bradley J. Stoll
121 North Wayne Ave.
Suite 205
Wayne, PA 19087
bstoll@klm-law.com

**GONZALEZ & ASSOCIATES LAW FIRM, P.C.**
Jaime A. Gonzalez, Jr. (applicant *pro hac vice*)
Catherine Smith (applicant *pro hac vice*)
Summit Park North
817 E. Esperanza, Ave.
McAllen, TX 78501
jaime@jaglawfirm.com
cat@jaglawfirm.com

***Attorneys for Plaintiffs***

---

[1] Plaintiffs' consent is conditional on receiving the same conditions that would accompany a transfer and/or FNC dismissal to Mexico, including but not limited to: (1) Defendants' agreement to submit to the jurisdiction of the courts of North Carolina and/or Georgia; (2) Defendants agreement not raise a statute of limitations defense; and (3) Defendants agreement to make all relevant evidence under their control available in North Carolina and/or Georgia.

# EXHIBIT 1

## PAYMENT AND SETTLEMENT AGREEMENT

ENTERED INTO, ON THE ONE HAND, BY **SERVICIOS AREOS DEL ALTIPLANO S.A. DE C.V.**, REPRESENTED BY **JOSE ANTONIO TORRE MENDOZA**, IN HIS CAPACITY AS SOLE **ADMINISTRATOR OF THE COMPANY**, HEREINAFTER REFERRED TO AS "THE INSURED", AND ON THE OTHER HAND BY MRS. **MA. GUADALUPE NANCY CANALES ELIZALDE**, IN HER CAPACITY AS EXECUTOR, WHO REPRESENTS THE ESTATE OF **MR. MARCO ANTONIO TAVERA ROMERO**, HEREINAFTER REFERRED TO AS "**THE EXECUTOR**", ON THE OTHER HAND **MR. JOSE MANUEL COVARRUBIAS GARCIA** REPRESENTING THE MINORS AND HEIRS, MARCO ANTONIO AND EMILIA BOTH WITH THE SURNAME TAVERA CANALES, A FUNCTION HE PERFORMS IN HIS CAPACITY AS GUARDIAN, WHO TOGETHER WILL BE REFERRED TO AS **"THE HEIRS"**.

THE AFOREMENTIONED CONSIGN TO THE TENOR OF THE FOLLOWING BACKGROUND, DECLARATIONS AND CLAUSES:

### BACKGROUND

**1.- SERVICIOS AEREOS DEL ALTIPLANO S.A. DE C.V.** entered into an insurance contract with **GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**, to cover its aircraft, which was documented in policy number **06-034-070000020000-05** with a term from October 1, 2018 to October 1, 2019, which has, among other coverages, **"Voluntary payments to crew members"** in the event of an accident and in accordance with the general, particular and special conditions that govern said contract (hereinafter **"THE INSURED"**).

**II.-** On December 24, 2018, the Agusta AW109S, XA-BON, took off from a heliport in the City of Puebla towards Mexico City. Minutes after takeoff, the aircraft crashed to the ground, impacted and caught fire. **Mr. MARCO ANTONIO TAVERA ROMERO**, who was on board the aircraft as pilot, died as a result of the accident.

**III.- THE INSURED,** on the occasion of the accident proceeded to report the incident to **GRUPO MEXICANO DE SEGUROS S.A. DE C.V.**, so that, in accordance with the policy, the same could be attended, therefore **GRUPO MEXICANO DE SEGUROS S.A. DE C.V**. assigned the claim number **201814944**.

**IV.-** By virtue of the foregoing, the firm AAV Aviation Adjusters S.C. was appointed to proceed to make the corresponding adjustment and determine the loss that may correspond in accordance with the insurance contract.

**V.-** On December 27, 2018, **THE INSURED**, through its legal representative, requested in writing to **GRUPO MEXICANO DE SEGUROS S.A. DE C.V**. to make the payment of the coverage corresponding to **"Voluntary payments to crew members"** for the death of **MARCO ANTONIO TAVERA ROMERO** in favor of whoever corresponds.

In view of the foregoing, the parties grant the following:

### STATEMENTS

**I. "THE INSURED"**.

**I.1** Servicios Aereos del Altiplano S.A. de C.V. is a mercantile company incorporated under Mexican law, with the authorization of the Federal Government through the Ministry of Finance and Public Credit to commercially exploit the activity it performs.

**I.2** Mr. **JOSE ANTONIO TORRE MENDOZA** has the necessary powers to sign this agreement, in his capacity as Sole Administrator of the company Servicios Aéreos del Altiplano S.A. de C.V., which is evidenced in terms of public deed number forty-five thousand nine hundred nine, column four hundred thirty-four, dated August eighth, two thousand five, passed before the faith of Mr. José Luis Lacías Rivera, Notary Public no. One of the District of Hidaldo, Tlaxcala.

**I.3** Servicios Aereos del Altiplano S.A. de C.V. indicates as their domicile one located in Hangar D-5 Aropuerto Internacional Hermanos Serdán without number, Huejotzingo, Puebla, C.P. 74160.

*Professional Services*
*Lara Cantos*
*Certified Translator*
*ATA Member #261192*
*Certified Translation*

**II.- "THE EXECUTOR".**

**II.1** Declares to be of legal age, of Mexican nationality, native of Axapusco, State of Mexico, where he/she was born on February 18, 1982, acting as executor and representative of the intestate succession of Captain **MARCO ANTONIO TAVERA ROMERO.**

**II.2** That, during his lifetime, **MARCO ANTONIO TAVERA ROMERO** was married to Mrs. **MA. GUADALUPE NANCY CANALES ALIZALDE**, with whom he had two children, **MARCO ANTONIO** and **EMILIA**, both named **TAVERA CANALES**.

**II.3** That **MARCO ANTONIO TAVERA ROMERO** died on December 24, 2018, as a result of a plane crash, as evidenced by the extract of the death certificate with folio number 271 806, issued by the Judge of the Civil Status Registry of San Andres Cholula, Puebla.

**II.4** That on February 8, 2019, before the First Civil Court of First Instance of the Judicial District of Cholula, Puebla, under file number 259/2019, the intestate succession of the deceased **MARCO ANTONIO TAVERA ROMERO** was filed. Within the trial, the sole and universal heirs were declared to be **MA. GUADALUPE NANCY CANALES ELIZALDE** in her capacity as spouse, and the minors **MARCO ANTONIO** AND **EMILI**A both with the surname **TAVERA CANALES** as descendants of the deceased.

**II.5** That **MA GUADALUPE NANCY CANALES ELIZALDE** was appointed as executor within the probate proceedings, who accepted and protested the position, and who, under oath, claims it has not been revoked.

**II.6** That as a consequence of the death of **MARCO ANTONIO TAVERA ROMERO**, **THE EXECUTOR in his own right and on behalf of the estate**, presented a claim to the **INSURED** claiming indemnity on account of the accident and the death of the pilot in the accident.

**II.7** That he/she declares under oath to have no knowledge that there are other persons with equal or better right to receive indemnity for the death of **MARCO ANTONIO TAVERA ROMERO**, except for the heirs mentioned in item **II.4** above.

**II.8** That, for all the effects of the present agreement, he indicates his domicile located at Prolongación San Lorenzo 113, Casa 33, Fraccionamiento Lomas de Tarango, C.P. 72700 in Cuautlancingo, Puebla, indicating this domicile as the address for the purposes of the present agreement, and that she has the right to receive compensation for the death of MARCO ANTONIO TAVERA ROMERO, except for the heirs mentioned in **point II.4**.

**III.- "THE HEIRS"**

**III.1** That **JOSE MANUEL COVARRUBIAS GARCIA** is a Mexican citizen, of legal age and acts in this agreement on behalf of the minors and heirs, **MARCO ANTONIO** AND **EMILIA**, both surnamed **TAVERA CANALES**.

He exercises this representation in his character of guardian, a position conferred within the records of the Intestamentary Succession of the person who was **MARCO ANTONIO TAVERA ROMERO** while still alive, and which is located under file number 259/2019 in the Civil Court of First Instance of the Judicial District of Cholula, Puebla.

**III.2** That **MARCO ANTONIO TAVERA ROMERO** died on December 24, 2018, as a result of a plane accident, as evidenced by the extract of the death certificate with folio number 271 806, issued by the Civil Status Registry Judge of San Andres Cholula, Puebla.

**III.3** That on February 8, 2019, the Intestamental Succession of the person who was **MARCO ANTONIO TAVERA** was filed before the First Civil Court of the Judicial District of Cholula, Puebla, under file number 259/2019 ROSEMARY. During the trial, it was declared that the only universal heirs **MA GUADALUPE NANCY GONZALEZ ELIZALDE** as spouse, and the minors **MARCO ANTONIO** AND **EMILIA** both surnamed **TAVERA CANALES** as descendants of the deceased.

**III.4 THE HEIRS** state through their tutor, **JOSE MANUEL COVARRUBIAS GARCIA**, that it is his desire to receive the amount corresponding to the compensation for the death of Captain **MARCO ANTONIO TAVERA ROMERO** through the **EXECUTOR**, Mrs. **MA. GUADALUPE NANCY CANALES ELIZALDE**.

**III.5** They declare under oath that they do not have knowledge that there are other people with the same or better right to receive compensation for the death of **MARCO ANTONIO TAVERA ROMERO**, except for the heirs mentioned in the preceding points.

**III.6** For all purposes of this agreement, they indicate his domicile located at Prolongación San Lorenzo 113, house 33, Fraccionamiento Lomas de Tarango, C.P. 72700 in Cuautlancingo, Puebla, stating this address as his for the purposes of this agreement.

**IV. "THE PARTS"**

They mutually recognize the personality with which they hold, and it is their will to enter into this agreement.

## CLAUSES

**FIRST.-** The purpose of this agreement is the payment in favor of **"THE EXECUTOR"** AND **"THE HEIRS",** of the proportional part that corresponds to them for the concept of total compensation for the death and in general any benefit to which they may be entitled, with reason for the death of Mr. **MARCO ANTONIO TAVERA ROMERO** in incident **201814944.**

**SECOND.-** **"THE PARTIES"** agree that the compensation to which "**THE EXECUTOR"** AND THE **"HEIRS**" are entitled, in accordance with the sum insured in the coverage of **"Voluntary payments to crew members"** covered by policy **06-034-070000020000 -05** amounts to **US $ 400,000.00 (FOUR HUNDRED THOUSAND DOLLARS 00/100) or MXN $ 7,971,000 (seven million nine hundred seventy-one thousand pesos 00/100 MN)** at the exchange rate of **MXN $ 19.9275**, which will be divided as follows indicates.

> 1.- Payment for the amount of **$ 133,333.33 (ONE HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE 33/100 DOLLARS) or MX $ 2,657,000 (TWO MILLION SIX HUNDRED FIFTY-SEVEN THOUSAND PESOS 00/100 MN)** in favor of **MA GUADALUPE NANCY CANALES ELIZALDE** ; totalling **33.33%** of the **total** amount of compensation.
>
> 2.- Payment for the amount of **$ 133,333.33 (ONE HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE 33/100 DOLLARS) or MX $ 2,657,000 (TWO MILLION SIX HUNDRED FIFTY-SEVEN THOUSAND PESOS 00/100 M.N.)** in favor of **EMILIA TAVERA CANALES**; totaling **33.33%** of the **total** amount of compensation.
>
> 3.- Payment in the amount of **$ 133,333.33 (ONE HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE 33/100 DOLLARS) or MX $ 2,657,000 (TWO MILLION SIX HUNDRED FIFTY-SEVEN THOUSAND PESOS 00/100 M.N.)** in favor of **MARCO ANTONIO TAVERA CANALES**; totaling **33.33%** of the **total** amount of compensation.

Consequently, **"THE PARTIES"** acknowledge that the amounts indicated in this Clause in favor of **"THE EXECUTOR" and "THE HEIRS",** constitute a sufficient, fair and adequate compensation in accordance with the rules of the matter and in accordance with the terms and conditions that govern the policy **06-034-07000002-0000-05** described in the background section, so this should be understood to include any concept that by way of repairing the damage had the obligation to cover **"SERVIVIOS AEREOS DEL ALTIPLANO SA DE CV and/or "GRUPO MEXICANO DE SEGUROS SA DE CV "**by virtue of the insurance contract entered into between the two, concepts that are enunciatively, but not limitedly, indicated below: reparation of damage due to moral damage, reparation of damage due to the commission of a crime, damages, default interest, expenses, costs and any other present or future concept that derives or could derive from the events that gave rise to the incident **201814944**.

**THIRD.-** **"THE PARTIES",** with the express authorization of **JOSE MANUEL COVARRUBIAS GARCIA**, in exercise of his position as guardian of the **HEIRS**, agree that the compensation corresponding to the minors **MARCO ANTONIO** AND **EMILIA**, both surnamed **TAVERA CANALES** referred to in the Second Clause, will be paid in a single payment by **"GRUPO MEXICANO DE SEGUROS SA DE CV"** directly to "THE EXECUTOR", who in turn accepts that the payment of the compensation referred to in the First and Second Clauses, be made within 30 days following the signing of this agreement. Payment that will be made by electronic transfer of funds, and for this it indicates as account number ███████████, of the ███████████ institution, with **CLABE Interbancaria number**

██████████████, of which **MA GUADALUPE NANCY CANALES ELIZALDE** is the holder. It is agreed that it is the responsibility **of "THE EXECUTOR"** AND **"THE HEIRS"** through their guardian, that the first of those named is the owner of the reference bank account and that the data thereof are correct.

**FOURTH.- "THE EXECUTOR" AND "THE HEIRS"** accept that, at the time of the bank transfer and the payment of the total to be compensated, they will be considered paid for each and every one of the benefits to which they may be entitled to "**Servicios Aereos del Altiplano SA de CV** " on the occasion of the incident **201814944** in which **MARCO ANTONIO TAVERA ROMERO** died. Each and every one of the benefits should be understood as any obligation of a legal nature, for any concept of reparation of the damage, damages, default interest, expenses, costs and any other present or future concept that arises or may arise with reason of the death of **MARCO ANTONIO TAVERA ROMERO** in the accident of the Agusta AW109S, XA BON, which occurred on December 24, 2018. Consequently, **"THE EXECUTOR"** AND **"THE HEIRS**" grant "**Servicios Aereos del Altiplano SA de CV" and "GRUPO MEXICANO DE SEGUROS S.A. DE C.V."**, as well as its subsidiaries, shareholders, employees, representatives, service providers, reinsurers, pilot, etc., the broadest settlement that in law proceeds, without reservation of present and/or future legal action, of any nature or matter, be it civil, commercial, criminal or administrative, and desisting in its case of those already initiated or attempted or granting forgiveness when appropriate, including those tending to modify, correct or increase the amount determined as compensation, or any other in which the nullity of the agreements expressed by the parties in this document is attempted; thereby expressing their full consent with respect to the compensation established in this final agreement.

**FIFTH.- "THE EXECUTOR" AND "THE HEIRS"** are obliged to the **"INSURED"** to cover with resources from their own pocket any expense, fee, tax and legal cost that has been caused or that is caused as a result of the provision of any service that the first had hired or contracts with a third party to receive advice, consulting or services due to the death of **MARCO ANTONIO TAVERA ROMERO**.

**SIXTH.- "THE EXECUTOR" AND "THE HEIRS"** notify in this act the **"INSURED"** and **"GRUPO MEXICANO DE SEGUROS S.A. DE C.V."** that prior to the conclusion of this agreement and the waivers contained therein, they have consulted the legal terms, scope and consequences with a legal counsel, for which they have fully and completely understood the rights and obligations described in this document and the agreements in the content, so they sign it voluntarily, therefore **THE PARTIES** acknowledge that this document and the agreements in the content, will not be interpreted to the detriment of any of them.

**SEVENTH.- "THE PARTIES"** agree that in the event that there is one or more persons with the same or better right to receive the compensation referred to in the First and Second Clauses **"THE EXECUTOR AND THE HEIRS",** they will be solely liable against the third parties with the greatest right, to pay in whole or in part, or to divide in the corresponding way and deliver in favor of said third parties the part that corresponds to them.

Consequently, from the moment of receipt of the compensation referred to in this Agreement, **"THE EXECUTOR AND THE HEIRS**" will be solely responsible for the damages caused to third parties, with a better right than she to receive the compensation object. of this agreement, including those arising from the express waiver of rights, or the issuance of settlements.

Likewise, **"THE EXECUTOR"** AND **"THE HEIRS**" are obliged to remove "**GRUPO MEXICANO DE SEGUROS S.A. DE C.V."** in peace and safety. and / or **"THE INSURED",** as well as their reinsurers, of any claim that a third party with a better right presents against them for the benefits subject to this agreement, as well as to pay the damages they suffer, including payment of fees and expenses incurred, in the defense of their interests.

**EIGHTH.-** Once **"THE PARTIES"** have understood the content and scope of these clauses, they express their will to enter into this agreement without any error, fraud or bad faith involved.

**NINTH.- "THE PARTIES"** agree that in case of controversies they will submit to the courts of Mexico City, renouncing any other jurisdiction that may correspond to them by reason of their present or future domicile.

The parties being in agreement with each and every one of the clauses contained in this agreement, they sign it in quadruplicate, in Mexico City on _____, of_____, 2019.

**"THE INSURED"**

*[Handwritten signature]*

_____
**JOSE ANTONIO TORRE MENDOZA, on behalf of SERVICIOS AEREOS DEL ALTIPLANO S.A. DE C.V.**

**"THE EXECUTOR"**

*[Handwritten signature]*

_____
**MA. GUADALUPE NANCY CANALES ELIZALDE**

**"THE HEIR"**

*[Handwritten signature]*

_____
**JOSE MANUEL COVARRUBIAS GARCÍA, representing the minor MARCO ANTONIO TAVERA CANALES.**

**"THE HEIR"**

*[Handwritten signature]*

_____J
**OSE MANUEL COVARRUBIAS GARCÍA, representing the minor EMILIA TAVERA CANALES.**

# C E R T I F I C A T I O N
Traducción Certificada – Certified Translation

| | |
|---|---|
| Yo, Lara Cantos, certifico que la traducción del documento **"ACUERDO DE PAGO E INDEMNIZACIÓN**. es completa, precisa y fiel al documento original, a mi mejor saber. Soy hablante-nativa de español e inglés y tengo más de 11 años de experiencia como traductora e intérprete. Soy traductora certificada por la Universidad de California, San Diego, miembro con derecho a voto de la American Translators Association (ATA), así como de la OMT (Organización Mexicana de Traductores) y cumplo con su Código de Ética profesional. | I, Lara Cantos, hereby certify that the translation of the document "**PAYMENT AND SETTLEMENT AGREEMENT**." is complete, precise and true to the original document, to the best of my ability. I am a Spanish and English native speaker and have more than 11 years of experience as a Translator and Interpreter. I am a Certified Translator by the University of California, San Diego, voting member of the American Translators Association (ATA), as well as of the OMT (Organization of Mexican Translators), and I comply with their professional Code of Ethics. |
| Esta traducción consta de seis (6) páginas, incluyendo este Anexo. | This translation consists of six (6) pages, including this Annex. |
| **Ciudad de México, 10 de junio 2021** | **Mexico City, June 10th, 2021** |

_____
Lara A. Cantos



## CONVENIO DE PAGO Y FINIQUITO

QUE CELEBRAN POR UNA PARTE **SERVICIOS AÉREOS DEL ALTIPLANO, S.A DE C.V.**, REPRESENTADA EN ESTE ACTO POR **JOSÉ ANTONIO TORRE MENDOZA**, EN SU CARÁCTER DE **ADMINISTRADOR ÚNICO DE LA SOCIEDAD**, A QUIEN EN LO SUCESIVO SE DENOMINARÁ **"EL ASEGURADO"**, POR OTRA PARTE LA SEÑORA **MA. GUADALUPE NANCY CANALES ELIZALDE**, EN SU CARÁCTER DE ALBACEA, QUIEN REPRESENTA A LA SUCESIÓN DEL SEÑOR **MARCO ANTONIO TAVERA ROMERO**, A QUIEN EN LO SUCESIVO SE LE DENOMINARA **"LA ALBACEA"**; POR OTRA PARTE EL SEÑOR **JOSÉ MANUEL COVARRUBIAS GARCÍA** EN REPRESENTACIÓN DE LOS MENORES Y HEREDEROS, MARCO ANTONIO Y EMILIA AMBOS DE APELLIDO TAVERA CANALES, FUNCIÓN QUE DESEMPEÑA EN SU CARÁCTER DE TUTOR; A QUIENES EN CONJUNTO SE LES CONOCERÁ COMO **"LOS HEREDEROS"**.

MISMOS QUE CONSIGNAN AL TENOR DE LOS SIGUIENTES ANTECEDENTES, DECLARACIONES Y CLAUSULAS:

### ANTECEDENTES

**I.-** Que **SERVICIOS AÉREOS DEL ALTIPLANO, S.A DE C.V.** celebró un contrato de seguro con **GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**, para amparar sus aeronaves, el cual quedó documentado en la póliza número **06-034-070000020000-05** con una vigencia del 1 de octubre de 2018 a 1 de octubre de 2019, que cuenta entre otras coberturas con la de "**Pagos voluntarios a tripulantes**" en caso de accidente y de conformidad con las condiciones generales, particulares y especiales que rigen dicho contrato (en lo sucesivo "**El ASEGURADO**").

**II.-** El día 24 de diciembre de 2018, el Agusta AW109S, XA-BON, despegó de un helipuerto en la Ciudad de Puebla con dirección a la Ciudad de México. Minutos después de despegar, la aeronave se precipito contra el suelo, se impactó y se incendió. Derivado del accidente falleció el señor **MARCO ANTONIO TAVERA ROMERO**, quien viajaba a bordo de la aeronave en calidad de piloto.

**III.-** EL ASEGURADO con motivo del siniestro acontecido procedió a reportar a **GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.** dicho incidente para que de conformidad con la póliza se atendiera el mismo, por lo que **GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**, le asignó el número siniestro **201814944**.

**IV.-** En virtud de lo anterior, se designó al despacho AAV Aviation Adjusters S.C. para que procediera a realizar el ajuste correspondiente y determinara la pérdida que pudiera corresponder de conformidad con el contrato de seguro.

**V.-** Que el 27 de diciembre de 2018, **EL ASEGURADO**, a través de su Representante Legal, solicitó por escrito a **GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.** que se realizara el pago de la cobertura correspondiente a "**Pagos voluntarios a tripulantes**" por la muerte de **MARCO ANTONIO TAVERA ROMERO** en favor de quien corresponda.

Expuesto lo que antecede las partes otorgan las siguientes:

### DECLARACIONES

**I. "EL ASEGURADO":**

**I.1** Servicios Aéreos del Altiplano, S.A de C.V, es una sociedad mercantil constituida con arreglo a las leyes mexicanas, con la autorización del Gobierno Federal a través de la Secretaría de Hacienda y Crédito Público para explotar comercialmente la actividad que desarrolla.

**I.2** El señor **JOSÉ ANTONIO TORRE MENDOZA** cuenta con las facultades necesarias para suscribir el presente convenio, en su carácter de Administrador Único de la sociedad Servicios Aéreos del Altiplano, S.A de C.V, personalidad que acredita en términos de la escritura pública número cuarenta y cinco mil novecientos nueve, volumen cuatrocientos treinta y cuatro, de fecha ocho de agosto de dos mil cinco, pasada ante la fe del Licenciado José Luis Macías Rivera, Notario Público

No. Uno del Distrito de Hidalgo, Tlaxcala.

I.3 Que Servicios Aéreos del Altiplano, S.A de C.V señala como domicilio el ubicado en Hangar D-5, Aeropuerto Internacional Hermanos Serdán sin número, Huejotzingo, Puebla, C.P. 74160.

II.- "LA ALBACEA"

II.1 Declara ser mayor de edad, de nacionalidad mexicana, originaria de Axapusco, Estado de México, donde nació el 18 de febrero de 1982, quien actúa en su calidad de heredera, albacea y representante de la sucesión intestamentaria del Capitán **MARCO ANTONIO TAVERA ROMERO**.

II.2 Que, en vida, **MARCO ANTONIO TAVERA ROMERO** estuvo casado con la señora **MA. GUADALUPE NANCY CANALES ELIZALDE**, con quien procreó dos hijos, **MARCO ANTONIO** y **EMILIA** ambos de apellido **TAVERA CANALES**.

II.3 Que **MARCO ANTONIO TAVERA ROMERO** falleció el día 24 de diciembre del 2018 a consecuencia de un accidente aéreo, tal como lo acreditó con el extracto del acta de defunción con número de folio 271 806, expedida por el Juez del Registro del estado Civil de San Andrés Cholula, Puebla.

II.4 Que con fecha 8 de febrero de 2019, se radicó, ante el Juzgado Primero de Primera Instancia Civil del Distrito Judicial de Cholula, Puebla, bajo el número de expediente 259/2019, la Sucesión Intestamentaria de quien en vida fuera **MARCO ANTONIO TAVERA ROMERO**. Dentro del juicio se declaró como únicos y herederos universales a **MA. GUADALUPE NANCY CANALES ELIZALDE** en su carácter de cónyuge supérstite, y a los menores **MARCO ANTONIO y EMILIA** ambos de apellido **TAVERA CANALES** en calidad de descendientes del de cujus.

II.5 Que se designó como albacea dentro de los autos del Juicio Sucesorio Intestamentario a **MA. GUADALUPE NANCY CANALES ELIZALDE** quien aceptó y protestó el cargo, mismo que bajo protesta de decir verdad manifiesta que no le ha sido revocado.

II.6 Que, como consecuencia de la muerte de **MARCO ANTONIO TAVERA ROMERO, LA ALBACEA, por su propio derecho y en representación de la sucesión,** presentó un reclamo al **ASEGURADO** reclamando una indemnización con motivo del Accidente y la muerte del piloto en el Accidente.

II.7 Que manifiesta bajo protesta de decir verdad no tener conocimiento de que existan otras personas con igual o mejor derecho a recibir la indemnización por la muerte del C. **MARCO ANTONIO TAVERA ROMERO**, salvo los herederos mencionados en el punto **II.4**.

II.8. Que, para todos los efectos del presente convenio, señala su domicilio el ubicado en Prolongación San Lorenzo 113, casa 33, Fraccionamiento Lomas de Tarango, C.P. 72700 en Cuautlancingo, Puebla. señalando dicho domicilio como el suyo para fines de este convenio.

III.- "LOS HEREDEROS";

III.1 Que JOSÉ MANUEL COVARRUBIAS GARCÍA es mexicano, mayor de edad y actúa en este convenio en representación de los menores y herederos, **MARCO ANTONIO** y **EMILIA** ambos de apellido **TAVERA CANALES**.

Dicha representación la ejerce en carácter de tutor, cargo conferido dentro de los autos de la Sucesión Intestamentaria de quien en vida fuera **MARCO ANTONIO TAVERA ROMERO**, y que se encuentra radicada bajo el número de expediente 259/2019 en el Juzgado Primero de Primera Instancia Civil del Distrito Judicial de Cholula, Puebla.

III.2 Que **MARCO ANTONIO TAVERA ROMERO** falleció el día 24 de diciembre del 2018 a consecuencia de un accidente aéreo, tal como lo acreditó con el extracto del acta de defunción con número de folio 271 806, expedida por el Juez del Registro del estado Civil de San Andrés Cholula, Puebla.

**III.3** Que con fecha 8 de febrero de 2019, se radico, ante el Juzgado Primero de Primera Instancia Civil del Distrito Judicial de Cholula, Puebla, bajo el número de expediente 259/2019, la Sucesión Intestamentaria de quien en vida fuera **MARCO ANTONIO TAVERA ROMERO**. Dentro del juicio se declaró como únicos y herederos universales a **MA. GUADALUPE NANCY CANALES ELIZALDE** en su carácter de cónyuge supérstite, y a los menores **MARCO ANTONIO** y **EMILIA** ambos de apellido **TAVERA CANALES** en calidad de descendientes del Decujus.

**III.4** Que manifiestan **LOS HEREDEROS** por conducto de su tutor, **JOSÉ MANUEL COVARRUBIAS GARCÍA**, que es su deseo recibir la cantidad correspondiente a la indemnización por la muerte del Capitán **MARCO ANTONIO TAVERA ROMERO** por conducto de la **ALBACEA**, la señora **MA. GUADALUPE NANCY CANALES ELIZALDE**.

**III.5** Que manifiestan bajo protesta de decir verdad no tener conocimiento de que existan otras personas con igual o mejor derecho a recibir la indemnización por la muerte del C. **MARCO ANTONIO TAVERA ROMERO**, salvo los herederos mencionados en el punto que antecede

**III.6**. Que, para todos los efectos del presente convenio, señalan su domicilio el ubicado en Prolongación San Lorenzo 113, casa 33, Fraccionamiento Lomas de Tarango, C.P. 72700 en Cuautlancingo, Puebla, señalando dicho domicilio como el suyo para fines de este convenio

**IV. "LAS PARTES"**

Se reconocen mutuamente la personalidad con la que se ostentan y es su voluntad celebrar el presente convenio, sujetándose a las siguientes:

CLAUSULAS

**PRIMERA.** - El objeto del presente convenio es el pago en favor de **"LA ALBACEA"** y **"LOS HEREDEROS"**, de la parte proporcional que les corresponde por concepto de indemnización total por muerte y en general cualquier prestación a que pudieran tener derecho, con motivo del fallecimiento del señor **MARCO ANTONIO TAVERA ROMERO** en el siniestro **201814944**.

**SEGUNDA.** - "LAS PARTES" convienen que la indemnización a que tienen derecho **"LA ALBACEA"** y **"LOS HEREDEROS"**, de acuerdo con la suma asegurada en la cobertura de **"Pagos voluntarios a tripulantes"** amparada en la póliza **06-034-070000020000-05**, asciende a la cantidad de **US$400,000.00 (CUATROCIENTOS MIL DÓLARES 00/100) o MXN$7,971,000 (siete millones novecientos setenta y un mil pesos 00/100 M.N.)**, al tipo de cambio de **MXN$ 19.9275**, mismo que se dividirá como a continuación se indica:

1.- Pago por la cantidad de **$133,333.33 (CIENTO TREINTA Y TRES MIL TRESCIENTOS TREINTA Y TRES 33/100 DÓLARES) o MX$2,657,000 (DOS MILLONES SEISCIENTOS CINCUENTA Y SIETE MIL PESOS 00/100 M.N.)**, a favor de **MA. GUADALUPE NANCY CANALES ELIZALDE**; importando el **33.33%** del importe total de la indemnización.

2.- Pago por la cantidad **$133,333.33 (CIENTO TREINTA Y TRES MIL TRESCIENTOS TREINTA Y TRES 33/100 DÓLARES) o MX$2,657,000 (DOS MILLONES SEISCIENTOS CINCUENTA Y SIETE MIL PESOS 00/100 M.N.)**, a favor de la menor **EMILIA TAVERA CANALES**; importando el **33.33%** del importe total de la indemnización.

3.- Pago por la cantidad **$133,333.33 (CIENTO TREINTA Y TRES MIL TRESCIENTOS TREINTA Y TRES 33/100 DÓLARES) o MX$2,657,000 (DOS MILLONES SEISCIENTOS CINCUENTA Y SIETE MIL PESOS 00/100 M.N.)**, a favor del menor **MARCO ANTONIO TAVERA CANALES**; importando el **33.33%** del importe total de la indemnización.

En consecuencia, "LAS PARTES" reconocen que las cantidades señaladas en esta Cláusula en favor de "LA ALBACEA" y "LOS HEREDEROS", constituyen una indemnización suficiente, justa y bastante conforme a las reglas de la materia y de conformidad con los términos y condiciones que rigen la póliza 06-034-070000020000-05 descrita en el apartado de antecedentes, por lo que en ésta deberá entenderse comprendido cualquier concepto que a título de reparación del daño tuviera la obligación de cubrir "SERVICIOS AÉREOS DEL ALTIPLANO, S.A DE C.V" y/o "GRUPO MEXICANO DE SEGUROS, S.A. DE C.V." en virtud del contrato de seguro celebrado entre ambos, conceptos que de manera enunciativa, mas no limitativa se señalan a continuación: reparación del daño por daño moral, reparación del daño por la comisión de un delito, daños y perjuicios, intereses moratorios, gastos, costas y cualquier otro concepto presente o futuro que se derive o pudiera derivarse con motivo de los hechos que dieron origen al siniestro 201814944.

**TERCERA.-** "LAS PARTES", con autorización expresa de C. **JOSÉ MANUEL COVARRUBIAS GARCÍA**, en ejercicio de su cargo como tutor de los **HEREDEROS**, convienen que la indemnización correspondiente a los menores **MARCO ANTONIO** y **EMILIA** ambos de apellido **TAVERA CANALES** a que se refiere la Cláusula Segunda, será pagada en una sola exhibición por "**GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**" directamente a "**LA ALBACEA**", quien por su parte acepta que el pago de la indemnización a que se refieren las Cláusulas Primera y Segunda, sea efectuado en el lapso de 30 días seguidos a la firma de este convenio. Pago que se realizará mediante transferencia electrónica de fondos y, para ello señala como cuenta la número ▇▇▇▇ de la institución ▇▇▇▇ con **CLABE** Interbancaria número ▇▇▇▇ de la cual es titular la C. **MA. GUADALUPE NANCY CANALES ELIZALDE**.

Queda convenido que es responsabilidad de "**LA ALBACEA**" y "**LOS HEREDEROS**" por conducto de su tutor, que la primera de las nombradas sea la titular de la cuenta bancaria de referencia y que los datos de la misma sean los correctos.

**CUARTA. -** "**LA ALBACEA**" y "**LOS HEREDEROS**" aceptan que al momento de realizarse la transferencia bancaria y se registre el abono del total a indemnizar se darán por pagados de todas y cada una de las prestaciones a que pudieran tener derecho de "**Servicios Aéreos del Altiplano, S.A de C.V**" con motivo del siniestro **201814944** en el que falleciera **MARCO ANTONIO TAVERA ROMERO**. Se deberá entender por todas y cada una de las prestaciones, cualquier obligación de carácter legal, por cualquier concepto de reparación del daño, daños y perjuicios, intereses moratorios, gastos, costas y cualquier otro concepto presente o futuro que se derive o pudiera derivarse con motivo de la muerte de **MARCO ANTONIO TAVERA ROMERO** en el accidente del Agusta AW109S, XA-BON, ocurrido el 24 de diciembre de 2018. En consecuencia, "**LA ALBACEA**" y "**LOS HEREDEROS**" otorgan a "**Servicios Aéreos del Altiplano, S.A de C.V**" y "**GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**" así como a sus filiales, accionistas, empleados, representantes, prestadores de servicios, reaseguradores, piloto, etc., el más amplio finiquito que en derecho proceda, sin reserva de acción legal presente y/o futura, de ninguna naturaleza ni materia, sea esta civil, mercantil, penal o administrativa y desistiéndose en su caso de las ya iniciadas o intentadas u otorgando perdón cuando así proceda, incluso aquellas tendientes a modificar, corregir o aumentar la suma determinada como indemnización, o cualquier otra en la que se intente la nulidad de los pactos expresados por las partes en el presente documento; manifestando en tal virtud, su total consentimiento respecto de la indemnización establecida en el presente convenio finiquito.

**QUINTA. –** "**LA ALBACEA**" y "**LOS HEREDEROS**" se obligan frente a "**EL ASEGURADO**" en cubrir con recursos de su propio peculio cualquier gasto, honorario, impuesto y costa judicial que se haya causado o que se cause como consecuencia de la prestación de cualquier servicio que la primera hubiese contratado o contrate con un tercero para recibir asesoría, consultoría o servicios por la muerte de **MARCO ANTONIO TAVERA ROMERO**.

**SEXTA.-** "**LA ALBACEA**" y "**LOS HEREDEROS**" notifican en este acto a "**EL ASEGURADO**" y a "**GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**", que en forma previa a la celebración del presente convenio y a las renuncias contenidas en el mismo, han consultado los términos, alcances y consecuencias legales con abogado asesor, por lo que han entendido total y completamente los derechos y las obligaciones descritas en este documento y los acuerdos en él contenidos, por lo que suscriben el mismo de forma voluntaria, por tanto **LAS PARTES** reconocen que este documento y los acuerdos en él contenidos, no serán interpretados en perjuicio de ninguna

de ellas.

**SÉPTIMA.** - "LAS PARTES" acuerdan que en caso de que exista una o varias personas con igual o mejor derecho a recibir la indemnización a que se refieren las Cláusulas Primera y Segunda, "**LA ALBACEA**" y "**LOS HEREDEROS**", serán los únicos responsables frente a los terceros con mayor derecho, a pagar total o parcialmente, o a dividir en la forma que corresponda y entregar a favor de dichos terceros la parte que les corresponda.

En consecuencia, desde el momento de la recepción de la indemnización a que se refiere este Convenio, "**LA ALBACEA**" y "**LOS HEREDEROS**" serán los únicos responsables por los daños y perjuicios que ocasionen a terceros, con mejor derecho que ella a recibir la indemnización objeto de este convenio, incluidas las que se deriven de la renuncia expresa de derechos, o la expedición de finiquitos.

Asimismo, quedan obligados "**LA ALBACEA**" y "**LOS HEREDEROS**" a sacar en paz y a salvo a "**GRUPO MEXICANO DE SEGUROS, S.A. DE C.V.**" y/o "**EL ASEGURADO**", así como a sus reaseguradores, de cualquier reclamación que un tercero con mejor derecho presente en su contra por las prestaciones materia del presente convenio, así como a pagar los daños y perjuicios que estos sufra(n), incluyendo dentro el pago de honorarios y gastos en que incurra (n) en la defensa de sus intereses.

**OCTAVA.** - Enteradas "**LAS PARTES**" del contenido y alcance de las presentes cláusulas, manifiestan su voluntad para celebrar el presente convenio sin que medie error, dolo o mala fe de por medio.

**NOVENA.** – "**LAS PARTES**" acuerdan que en caso de controversias se someterán a los tribunales de la Ciudad de México, renunciando a cualquier otra jurisdicción, que pudiera corresponderles por razón de su domicilio presente o futuro.

Estando conformes las partes con todas y cada una de las cláusulas contenidas en este convenio lo firman por cuadruplicado, en Ciudad de México el _____ de _____ de 2019.

| "EL ASEGURADO" | "LA ALBACEA" |
|---|---|
| JOSÉ ANTONIO TORRE MENDOZA en representación de SERVICIOS AÉREOS DEL ALTIPLANO, S.A DE C.V, | C. MA. GUADALUPE NANCY CANALES ELIZALDE |
| "EL HEREDERO" | "LA HEREDERA" |
| JOSÉ MANUEL COVARRUBIAS GARCÍA en representación del menor MARCO ANTONIO TAVERA CANALES | JOSÉ MANUEL COVARRUBIAS GARCÍA en representación de la menor EMILIA TAVERA CANALES |