UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA JULIA HIDALGO VILLAFANE, Individually, As Executor and as Personal Representative of the Estate of Martha Erika Alonso Hidalgo, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>AGUSTA WESTLAND PHILADELPHIA CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 2:20-cv-06393-RBS |

**PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO *FORUM NON CONVENIENS* AND PURSUANT TO FED. R. CIV. P. 12(b)(7) FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES**

Plaintiffs submit the following additional factual matters and controlling authority:

1. Plaintiffs have settled their claims against non-party Servicios Aèreos del Altiplano, S.A. de C.V. ("SAA"). Attached hereto as Exhibit 1 is a true and correct copies of the release agreement with Plaintiff Ma. Guadalupe Nancy Canales Elizalde concerning the death of her husband Marco Antonio Romero Taveras, together with its certified translation. Settlements and releases were also reached by the other Plaintiffs concerning the deaths of Martha Erika Alonso Hidalgo and Hector Baltazar Mendoza.

2. Pursuant to the Pennsylvania Fair Share Act, 42 Pa. C.S.A., § 7102(a.2), "[f]or purposes of apportioning liability only, the question of liability of any defendant <u>or other person who has entered into a release with the plaintiff with respect to the action and who is not a party</u> shall be transmitted to the trier of fact upon appropriate requests and proofs by any party." (emphasis added). Therefore, because SAA has settled and entered into a release with Plaintiffs, Defendants can submit SAA's liability to the jury in the present venue and dismissing the case to

1

Mexico provides no additional convenience in this respect. This fact directly rebuts Defendants' claims of prejudice from the inability to seek apportionment of liability against SAA in section III of their Reply concerning "necessary and indispensable parties" under Rule 19. *See* Reply, Doc. 22, at p. 21.

3. Plaintiffs would also consent, agree and/or stipulate that Defendants can apportion liability to Rotor Flight Services, S.A. de R.L. de C.V. ("RFS"), upon appropriate requests and proofs, if their instant Motion to Dismiss is denied and the case remains in the Eastern District of Pennsylvania.

4. Defendants' extended focus on the AFAC Report in their Reply (which should have been contained in their initial moving papers) only underscores again that the access to sources of proof factor in the *forum non conveniens* analysis weighs in favor of the U.S. as the more convenient forum. *See* Opp., Doc. 18-1, at p. 16-19. Not only can Defendants pursue their defense by seeking to apportion liability to SAA and RFS in the Eastern District of Pennsylvania for the reasons discussed *supra*, all the facts needed to do so have already been gathered by the Mexican accident investigation (with the help of Defendants' own investigators) and detailed in the AFAC Report. Defendants tacitly admit that they already have what they need by referring to Mexican discovery as necessary only "in order to <u>further</u> develop those facts." Reply, Doc. 22, at p. 14 (emphasis added). Defendants' baseless speculation that the comprehensive AFAC Report, helicopter maintenance records and other Mexican documents offered by Plaintiffs "may not even tell the 'whole story'" offers no explanation or justification for the convenience of Mexico as a forum for this case. *Id.* at p. 16. With some simple authentication of the sources of proof already in their possession, Defendants are already well placed to pursue their defense in the instant forum. The sources of proof for Plaintiffs' products liability claims, however, are overwhelming in the

2

United States and require further discovery such that dismissing this case to Mexico would make accessing these sources of proof costly, burdensome and inconvenient. *See* Opp., Doc. 18-1, at p. 16-22.  Overall, the salient facts about the crash from the AFAC Report are not in dispute – one of the Subject Helicopter's SAS roll actuators was not functioning properly before the crash, and the second SAS roll actuator appears to have failed during the Subject Flight and caused the crash. Defendants' position will be that the Subject Helicopter was allowed to fly too long by SAA and RFS with only a single SAS roll actuator functioning properly.  Plaintiffs will argue that Defendants nonetheless had a duty to further warn of this dangerous condition and ensure the Subject Helicopter should never be flown in this defective state.  Further, Defendants are liable for the failure of the defective actuator with loose screws that caused the crash.  All of these issues will turn on expert analysis and testimony that can most conveniently be accessed in the United States. *See Lewis v. Lycoming*, 917 F. Supp. 2d 366, 372-73 (E.D. Pa. 2013).

5.Defendants' Reply repeatedly cites Plaintiffs' separate lawsuits against Honeywell International, Inc., and Precision Aviation Group in North Carolina and Georgia, respectively, for the strange proposition that these claims are somehow more conveniently or appropriately litigated in Mexico. *See, e.g.*, Reply, Doc. 22, at p. 10, n. 5, 19 & 22.  Plaintiffs respectfully submit that Defendants' reasoning is fundamentally flawed and that the existence of these separate suits here in the U.S. only underscores the greater convenience of litigating this case in the United States, particularly in the instant venue where Defendants have conceded personal jurisdiction.  If the Court nonetheless views this case as more appropriately litigated in a different venue, then Plaintiffs would also consent to the transfer and/or FNC dismissal and re-filing of this case in Georgia, or perhaps more appropriately, North Carolina, where it can proceed in conjunction with

the already filed claims against Honeywell, the manufacturer of the failed actuator.[1] *See* 14 U.S.C. § 1404(a).

Dated: June 25, 2021

                                            Respectfully submitted,

**KREINDLER & KREINDLER LLP**

By:  /s/ Vincent C. Lesch
Anthony Tarricone (*pro hac vice*)
855 Boylston Street, Suite 1101
Boston, MA 02116
atarricone@kreindler.com

Vincent C. Lesch (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
vlesch@kreindler.com

**KATZMAN, LAMPERT & STOLL**
Bradley J. Stoll
121 North Wayne Ave.
Suite 205
Wayne, PA 19087
bstoll@klm-law.com

**GONZALEZ & ASSOCIATES LAW FIRM, P.C.**
Jaime A. Gonzalez, Jr. (applicant *pro hac vice*)
Catherine Smith (applicant *pro hac vice*)
Summit Park North
817 E. Esperanza, Ave.
McAllen, TX 78501
jaime@jaglawfirm.com
cat@jaglawfirm.com

***Attorneys for Plaintiffs***

---

[1] Plaintiffs' consent is conditional on receiving the same conditions that would accompany a transfer and/or FNC dismissal to Mexico, including but not limited to: (1) Defendants' agreement to submit to the jurisdiction of the courts of North Carolina and/or Georgia; (2) Defendants agreement not raise a statute of limitations defense; and (3) Defendants agreement to make all relevant evidence under their control available in North Carolina and/or Georgia.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the foregoing via the Court's CM/ECF system on July 12, 2021, which automatically generates notification of the filing to all counsel of record.

                                        /s/ Vincent C. Lesch
                                        Vincent C. Lesch